**U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE DIVISION**
**CASE NO.** _7-10-CV-59-ART_

**PATTY JO HOWARD**

Eastern District of Kentucky **PLAINTIFF**
**F I L E D**

**v.**

MAY 1 4 2010

**MAGOFFIN COUNTY BOARD OF EDUCATION**          AT PIKEVILLE          **DEFENDANT**
**Serve at:**      **P.O. Box 100 Gardner Trail**          LESLIE G WHITMER
                   **Salyersville, KY 41465**          CLERK U.S. DISTRICT COURT

---

## COMPLAINT

---

Comes the Plaintiff, Patty Jo Howard, by and through counsel and pursuant to Federal Rule of Civil Procedure (7)(a)(1), hereby makes the following Complaint:

1.      That the Defendant, Magoffin County (Kentucky) Board of Education, did violate the Americans With Disabilities Act of 1990, As Amended (42 U.S.C. 126), heretofore known as the "Disability Discrimination Act", by:

      A.      Transferring Plaintiff Patty Jo Howard from a position as a teacher's aide at the Magoffin County Intervention Program/Alternative School, which did not involve janitorial duties, to a position at North Magoffin Elementary School with the same title, but that did involve such janitorial and other physical duties that Defendant knew to be beyond the Plaintiff's abilities considering her visual and hearing impairments and other physical limitations. (ADA Sec. 12112(a))

      B.      That the Defendant, with knowledge of Plaintiff's disabilities, failed to make "reasonable accommodations to the known physical or mental limitations of

1

an otherwise qualified individual with a disability who is an applicant or employee. (ADA Sec. 12112(5A); and, further, refuses to restore Plaintiff to any position other than the one which she is physically unable to perform due to her disabilities.

C.      That the Defendant violated the above Disability Act despite and/or in retaliation for Plaintiff's attempts to remedy the situation through Defendant's established grievance process and in retaliation for her participation in an investigation of malfeasance by a fellow employee .

D.      That the Plaintiff has exhausted her available administrative remedies through completion of the claims process with the U.S. Equal Employment Opportunity Commission and the Kentucky Commission on Human Rights.

E.      That the Plaintiff has been harmed by the actions of the Defendant, through lost wages and benefits, damage to her reputation, emotional distress, and other injury including, but not limited to, the fact that it has been necessary for her to delay necessary eye surgery due to loss of benefits related to her employment.

2.      That the Defendant, the Magoffin County Board of Education, did violate the Age Discrimination in Employment Act of 1967 (29 U.S.C. 14), heretofore known as "the Age Discrimination Act" by:

A.      Transferring the Plaintiff, who is sixty-two (62) years of age, from a position as a teacher's aide at Magoffin County Intervention Program/Alternative School, which did not require janitorial or other physical duties, to a position of the same title at North Magoffin Elementary School which did require such janitorial and other physical duties, with full knowledge that Plaintiff's hearing, vision, and

2

other disabilities were of such nature as to become more severe with increasing

age. ("Age Discrimination Act", Sec. 631(a)); also that she was not permitted to

return to her previous job nor any position other than the one which she was unable

to perform due to her disabilities; and that she not offered any accommodations

that would have made it possible for her to perform  the job to which she was

transferred with regards to her disabilities.

B.       That the Defendant made this transfer despite and/or in retaliation for

Plaintiff's attempt to remedy the situation through Defendant's established

grievance process and in retaliation for her participation in the investigation of

malfeasance by a co-worker.

C.       That the Plaintiff has exhausted her administrative remedies through claims

with the U.S. Equal Employment Opportunity Commission and the Kentucky

Commission on Human Rights.

D.       That the Plaintiff has been harmed by the actions of the Defendant, through

lost wages and benefits, damage to reputation, emotional distress, and other harm,

including but not limited to delay of surgery to her eyes, necessary to prevent

damage which will increase with age.

WHEREFORE, Plaintiff seeks the following remedy:

1.       To be restored to her position as a teacher's aide at the Magoffin County

Intervention Program/Alternative School, with any necessary accommodations to be made in

consideration of her disabilities, at her salary of $11.27 per hour and to receive any and

all raises and benefits due her since the time of her separation from employment;

3

2.      Compensation for lost wages and for damages resulting from the delay in medical treatment necessitated by Defendants actions;

3.      Punitive damages as available; and

4.      Any and all other remedies available to client.

MARY E. GOING
ATTORNEY FOR PLAINTIFF
KBA # 89840

Appalachian Research & Defense Fund of KY, Inc.
120 N. Front Avenue
Prestonsburg, KY 41653
PH: (606) 886-3876, ext. 117


## VERIFICATION

This is to verify that I have read the foregoing Complaint and that to the best of my knowledge and belief it truly and accurately states the facts and allegations therein.

PATTY JO HOWARD
PLAINTIFF


## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing Complaint was mailed, postage prepaid, on this the 14th day of May, 2010 to Hon. Michael J. Schmidt, 327 Main Street, P.O. Box Drawer 1787, Paintsville, KY 41240

MARY GOING

4