UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| PATTY JO HOWARD, | ) |
| Plaintiff, | ) Civil No. 10-59-ART |
| v. | ) |
| MAGOFFIN COUNTY BOARD OF EDUCATION, | ) **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Patty Jo Howard is suing the Magoffin County Board of Education for age and disability discrimination. When asked why she thought her reassignment to a new school was the result of discrimination, Howard responded, "Well, what else could it be?" Patty Howard Dep., R. 24 at 163. But Howard must point to actual evidence, and not just speculate, to survive summary judgment. Consequently, the Court must grant Magoffin County's motion for summary judgment on both her age and disability discrimination claims.

### BACKGROUND

In 1999, the Magoffin County Board of Education hired Patty Jo Howard as an Instructional Assistant I at the Magoffin County Alternative School. Patty Howard Dep., R. 24 at 77. In this position, Howard's duties included assisting and supporting teachers in the classroom. Hunley Dep., R. 27 at 13.

Howard had both hearing and eyesight problems while working at the Alternative School. Benita Howard Dep., R. 25 at 61. Magoffin County tried to accommodate Howard

by providing a telephone with an amplified hearing device, a "large" television on her desk, and a computer with an enlarged view.  David Gibson Dep., R. 28 at 19; Patty Howard Dep., R. 24 at 74, 120.  Howard appeared perfectly happy with these accommodations.

But all was not rosy.  During her tenure, Howard also conflicted with the teachers with whom she worked—Rodney Whitaker and Paula Risner.  *See generally* Patty Howard Dep., R. 24 at 21, 28, 32–70.  As a result, Howard filed "many grievances" against Whitaker and Risner, *id.* at 33, including fifty against Whitaker alone, *id.* at 166.  Whitaker and Risner also filed grievances against Howard for "breaking confidentiality" by making certain phone calls to students' parents.  Gibson Dep., R. 28 at 12.  Magoffin County found that the grievances against Howard were meritorious, *id.* at 12, but none of Howard's grievances against the teachers had merit, Hunley Dep., R. 27 at 9.

Stuck with this deteriorating relationship, Magoffin County came up with a solution—Magoffin County placed Howard in her own office to "watch television and play computer games."  Patty Howard Dep., R. 24 at 166.  But this did not solve the problem.  The relationship between Howard and the teachers continued to decline.  *Id.*  The conflicts eventually became so disruptive that they affected the educational environment at the Alternative School.  Hunley Dep., R. 27 at 27.

Superintendent Joe Hunley ultimately intervened.  Magoffin County was in the process of consolidating five elementary schools into two, *id.* at 15, so Hunley decided that the best course of action was to transfer Howard to another school within the district.  *Id.* at 15.  At the end of the 2007–2008 academic year, Magoffin County notified Howard that she would be transferred to the newly opened North Magoffin Elementary School for the upcoming academic year.  *Id.*  Upon her transfer, Howard maintained the same position with

the same salary and benefits and the same job description, *id.*, and her commute to the new school was shorter. The existing teachers at the Alternative School absorbed Howard's duties. Whitaker Dep., R. 29 at 30. Magoffin County did not seek applicants for the position because of budgetary constraints and eventually eliminated the position entirely. Hunley Aff., R. 59-1.

On her first or second day at North Magoffin Elementary School, Howard hurt her lower back when lifting a box of textbooks. Patty Howard Dep., R. 24 at 87. Howard claims that the assistant principal instructed her to shelve the textbooks in a book supply room. *Id.* at 86. Before this incident, Howard had no disabilities related to her lower back. *Id.* at 147; *see also* Benita Howard Dep., R. 25 at 63. After this incident, Howard did not return to work. Gibson Dep., R. 28 at 34.

Her doctor later informed Howard and Magoffin County on several occasions that she could return to work with certain restrictions. *Id.* at 35; *see also* Patty Howard Dep., R. 24 at 138–40. Magoffin County offered to let her return to work at North Magoffin Elementary School under her doctor's restrictions. Gibson Dep., R. 28 at 35. Howard rejected this offer because she wanted to go back to work at the Alternative School—an unavailable position. Patty Howard Dep., R. 24 at 144. Howard then sued Magoffin County for employment discrimination based on both age and disability. Compl., R. 2.

## STANDARD OF REVIEW

On summary judgment, ADA and ADEA claims are evaluated under the same framework. *Macy v. Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 363 (6th Cir. 2007) (ADA); *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003) (ADEA). When a plaintiff relies only on circumstantial evidence of disparate treatment, the *McDonnell*

3

*Douglas* burden-shifting framework applies. *Macy*, 484 F.3d at 364. This framework requires three stages of proof. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The plaintiff first must establish a prima facie case of discrimination. *Macy*, 484 F.3d at 364 (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)). The burden then shifts to the defendant to show a "legitimate, nondiscriminatory reason for its action." *Id.* If the defendant does so, then the burden shifts back to the plaintiff to show that the reason is "actually a pretext for unlawful discrimination." *Id.*

Summary judgment is appropriate only if there is insufficient evidence to create a genuine dispute of material fact "at *each* stage" of the framework. *Macy*, 484 F.3d at 364 (emphasis added) (quoting *Cline v. Catholic Diocese of Toledo*, 206 F.3d 651, 661 (6th Cir. 2000); *see also* Fed. R. Civ. P. 56(a). The Court must "construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Browning v. Dep't of Army*, 436 F.3d 692, 695 (6th Cir. 2006) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## DISCUSSION

### 1. Americans with Disabilities Act Claim

Magoffin County is entitled to summary judgment on Howard's ADA claim because she cannot establish her prima facie case. The ADA prohibits employers from discriminating against employees based on their disabilities if they are otherwise qualified to perform their jobs. 42 U.S.C. § 12112. To establish a prima facie case of disability discrimination, the plaintiff must show that (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment decision; (4) the employer knew or had reason to know of her disability; and (5) the

employer either replaced her or left the position open while seeking other applicants. *Whitfield v. Tennessee*, 639 F.3d 253, 258–59 (6th Cir. 2011) (quoting *Macy*, 484 F.3d at 365).

The parties do not dispute that Howard had qualifying hearing and eyesight disabilities and that Magoffin County was aware of her disabilities. But Howard has failed to produce evidence of the remaining three requirements.

First, Howard was not "otherwise qualified" for the position of Instructional Assistant I because she gave "no indication as to when she would be able to return to work." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998). The ADA does not require employers to wait for an employee "who cannot meet the attendance requirements of the job at issue." *Gantt*, 143 F.3d at 1047 (quoting *Tyndall v. Nat'l Educ. Ctrs. Inc.* 31 F.3d 209, 213 (4th Cir. 1994)); *see also Wimbley v. Bolger*, 642 F. Supp. 481, 485 (W.D. Tenn. 1986) ("It is elemental that one who does not come to work cannot perform *any* of his job functions, essential or otherwise."), *aff'd*, 831 F.2d 298, at *1 (6th Cir. 1987) (unpublished table decision). After Howard received her doctor's permission to return to work with restrictions, Magoffin County offered to accommodate her doctor's restrictions at North Magoffin Elementary. Gibson Dep., R. 28 at 34–35. Howard refused this offer, did not give a timetable for her return to work, and did not actually return to work. *Id.* at 35. She would only return to work at the Alternative School. *Id.* And Howard does not point to any evidence to contradict these facts. Consequently, Howard has not shown that she was "otherwise qualified for the job."

Second, Howard has not produced any evidence that she suffered an adverse employment decision. Howard must show a "materially adverse change in the terms of her

5

employment." *White v. Burlington N. & Santa Fe Ry. Co.*, 364 F.3d 789, 791 (6th Cir. 2004) (en banc) (quoting *Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996)). Accordingly, transfers "without salary or work hour changes" do "not ordinarily constitute adverse employment decisions in employment discrimination cases." *Kocsis*, 97 F.3d at 885; *see also Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 885 (7th Cir. 1989) (holding that the same inquiry under the ADEA requires the plaintiff to prove "that she suffered a *materially adverse* change in the terms or conditions of her employment because of her employer's discriminatory conduct"). As a result of her transfer, Howard maintained the "same position within the same job classification at a new school closer to her home." Def.'s Suppl. Br., R. 59 at 3. Howard does not contest this characterization. Instead, she argues that, after the transfer, she was required to perform "duties not included in her prior position" at the Intervention Program—such as shelving books or assisting in the cafeteria—that her disabilities prevented her from performing. Pl.'s Resp. to Mot. Summ. J., R. 35 at 3, 4.

Howard's arguments are unpersuasive. There is nothing in the record indicating that her hearing and eyesight problems would have prevented her from shelving books, and she had no lower back disability before she injured it shelving books at North Magoffin Elementary School. Even after she injured her back, there is no serious dispute that Magoffin County offered to accommodate her doctor's restrictions for her lower back pain. Howard's doctor notified Magoffin County that Howard "could return with restrictions," so Magoffin County offered to let her return to North Magoffin with all of the restrictions indicated by her doctor. Gibson Dep., R. 28 at 34–35; Patty Howard Dep., R. 24 at 143 (agreeing that David Gibson offered to let Howard "go back to work with these light duty restrictions," but that she refused this offer); *id.*, Def.'s Ex. 15 at 1 (letter to Patty Howard

6

from workman's compensation representative). But Howard refused to return to North Magoffin because she wanted to go back to the Alternative School. *Id.*

Furthermore, the two jobs involved the same title in the same position for the same salary with the same benefits at a school that was twenty minutes closer to her home. Any added duties to shelve books or assist in the cafeteria are not sufficiently onerous to convert the transfer into an adverse action. *Cf. Kocsis*, 97 F.3d at 879–80 (holding there was no materially adverse action where a nurse was reassigned to a new position, in which she had to "perform more tasks related to resident care, such as lifting and maneuvering residents"). And, as mentioned above, if her doctor said she could not perform these tasks, Magoffin County was willing to accommodate her. It is unclear what more she wanted Magoffin County to do—other than put her at the school of her choice, with the duties of her choice, and the teachers of her choice. The ADA simply does not compel such a thing.

Lastly, Howard worked only one to two days at North Magoffin Elementary School before she filed her discrimination lawsuit. Thus, Howard "failed to make a real attempt to compare the two positions before she filed her discrimination claim." *Id.* at 886–87 (affirming summary judgment on employment discrimination claims where the plaintiff worked at the new position for a few days). In short, Howard fails to show that there are "other indices that might be unique to [her] particular situation" so as to convert what would ordinarily not be an adverse transfer into an adverse employment action. *Id*. at 886 (quoting *Crady v. Liberty Nat'l Bank & Trust Co.*, 993 F.2d 132, 136 (7th Cir. 1992)).

Third, there is no evidence that Magoffin County replaced Howard in her position at the Alternative School or otherwise left the position open while seeking applicants. Quite the contrary: Howard's Instructional Assistant I position at the Alternative School has been

eliminated and the duties absorbed by existing classroom teachers. *See, e.g.*, Whitaker Dep., R. 29 at 30. And Howard does not contend otherwise. Instead, Howard argues that this requirement is satisfied by Magoffin County's use of a temporary substitute to help perform some of the duties of Howard's old position. Pl.'s Suppl. Br., R. 60 at 4. But it can hardly be said that an existing employee who helps absorb Howard's duties on about ten to twenty days throughout an entire year, Whitaker Dep., R. 29 at 31, has "take[n] on the plaintiff's former job responsibilities." *Tuttle v. Metro. Gov't of Nashville*, 474 F.3d 307, 318 (6th Cir. 2007). It is clear that Magoffin County has not replaced Howard or otherwise treated similarly situated, nondisabled employees more favorably than Howard. Therefore, Magoffin County is entitled to summary judgment on Howard's ADA claim.

**2. Age Discrimination in Employment Act Claim**

Likewise, Howard has not established a prima facie case for her ADEA claim. Without direct evidence of discrimination, Howard must establish her prima facie case by showing that she was (1) at least 40 years old at the time of the alleged discrimination; (2) suffered an adverse employment action; (3) otherwise qualified for the position; and (4) replaced by a younger worker or the employer treated similarly situated, unprotected employees more favorably. *Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 521 (6th Cir. 2008) (citing *Tuttle*, 474 F.3d at 317).

There is no dispute that Howard is older than forty and thus satisfies the first requirement. But, as the Court has explained with respect to Howard's ADA claim, she cannot satisfy the remaining requirements. First, there is no evidence that Howard is "otherwise qualified" for the position of Instructional Assistant I because she was unwilling to return to work. *See supra* p. 5; *see also Brenneman v. MedCentral Health Sys.*, 366 F.3d

8

412, 418 (6th Cir. 2004) (holding that, as a matter of law, an ADA plaintiff is not "otherwise qualified" for her position if she cannot perform the essential functions of her job, including satisfying "basic attendance requirements").  Second, Howard's transfer was not an adverse employment decision because she kept the same position, salary, and benefits within the same job classification at a school closer to her house.  *See supra* pp. 5–7; *see also Kocsis*, 97 F.3d at 885 (holding that transfers "without salary or work hour changes" do "not ordinarily constitute adverse employment decisions in employment discrimination cases").

Lastly, Magoffin County has neither hired anyone significantly younger to fill Howard's position nor reassigned another employee to perform her duties at the Alternative School.  Hunley Dep., R. 27 at 5 (testifying, without contradiction by Howard, that there is no one currently filling Howard's position at the intervention program).  Instead, the existing teachers and staff at her old school have "absorbed" her duties as a teacher's aide.  *Id.*  Assigning other employees to perform Howard's former duties or spreading those duties "among existing employees already performing related work" does not count as replacement.  *Grosjean*, 349 F.3d at 336 (citing *Barnes v. GenCorp. Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990)).  Consequently, she was not replaced by a "significantly younger person."  And Howard has not alternatively identified any similarly situated, younger employees that Magoffin County treated more favorably than Howard.  Magoffin County is therefore entitled to summary judgment on the ADEA claim.

### 3. Magoffin County's Legitimate Nondiscriminatory Reason

Even if Howard could establish a prima facie case for her ADA and ADEA claims, Magoffin County has satisfied its burden to show that it had a legitimate, nondiscriminatory reason for transferring Howard: her inability to get along with the teachers she was assigned

9

to assist and the grievances sustained against her. Hunley Dep., R. 27 at 24; *see Harris v. Metro. Gov't of Nashville*, 594 F.3d 476, 486 (6th Cir. 2010) (holding that an employer had a legitimate reason to not renew a basketball coach's reappointment because the coach breached students' confidentiality and for poor performance).

Howard has failed to show that these reasons were mere pretext for discrimination. She has not produced any evidence that the reason for the transfer "(1) had no basis in fact, (2) did not actually motivate [the transfer], or (3) were insufficient to motivate [the transfer]." *Harris*, 594 F.3d at 486 (citing *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)). Therefore, even if Howard could establish her prima facie case, Magoffin County is still entitled to summary judgment on both of Howard's employment discrimination claims.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1) Magoffin County's motion for summary judgment on Howard's Americans with Disabilities Act claim, R. 31, is **GRANTED.**

2) Magoffin County's motion for summary judgment on Howard's Age Discrimination in Employment Act claim, R. 31, is **GRANTED**.

3) All scheduled hearings are **CANCELLED**.

4) All other pending motions are **DENIED AS MOOT**.

5) This case is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket. A separate Judgment will be entered contemporaneously with this Memorandum Opinion & Order.

This the 17th day of November, 2011.

Signed By:
*Amul R. Thapar*  AT
United States District Judge