<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No.  12-5503

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| PATTY JO HOWARD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MAGOFFIN COUNTY BOARD OF | ) | THE EASTERN DISTRICT OF |
| EDUCATION, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

> **FILED**
> *Jan 31, 2013*
> DEBORAH S. HUNT, Clerk

O R D E R

Before:  NORRIS, SUHRHEINRICH, and GRIFFIN, Circuit Judges.

Patty Jo Howard, proceeding pro se, appeals the district court's grant of summary judgment in favor of her former employer in this employment discrimination case.  This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C).  Upon examination, this panel unanimously concludes that oral argument is not needed.  Fed. R. App. P. 34(a).

In 1999, Howard began working for the Magoffin County Board of Education (the Board) as an Instructional Assistant I at an alternative school within the school district.  Prior to that, she had worked a year as a custodian for the Board.  During her employment with the Board, Howard had both hearing and eyesight limitations, which the Board was able to accommodate to Howard's satisfaction.

Howard remained at the alternative school as an Instructional Assistant I until the end of the 2007/2008 school year.  At that time, due to conflicts that Howard had with two teachers at the school, the Board transferred Howard to a newly-opened elementary school.  After her transfer, Howard maintained her Instructional Assistant I position.  However, due to budgetary constraints,

the position was eliminated from the alternative school where Howard was first employed, and those duties were absorbed by existing employees.

Soon after transferring to the elementary school, Howard injured her lower back while shelving textbooks.  Prior to that incident, Howard had no reported disabilities related to her lower back.  At some point after the injury, Howard's doctor released her to return to work with restrictions.  The Board agreed to Howard's return under her doctor's restrictions, but Howard refused because she wanted to return to her previous position at the alternative school, a position that no longer existed.

In May 2010, Howard, then represented by counsel, sued the Board, alleging violations of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). The Board moved for summary judgment, and the district court granted the motion.  The district court denied Howard's subsequent motion for reconsideration, construed as a motion to alter or amend the judgment.

On appeal, Howard argues that material issues of fact precluded summary judgment on her disability and age discrimination claims.  She also argues that she alleged a retaliation claim that the district court overlooked.  Further, she moves to compel the Board to produce various additional documents on appeal.

We review de novo a district court's grant of summary judgment.  *Whitfield v. Tennessee*, 639 F.3d 253, 258 (6th Cir. 2011); *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 200 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 3071 (2011).  The district court properly grants summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Jakubowski*, 627 F.3d at 200.

To establish a prima facie case of discrimination under the ADA, the plaintiff must show that: (1) she is disabled; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) she suffered an adverse employment decision; (4) the employer knew or had reason to know of her disability; and (5) the position remained open while the employer sought other applicants or the disabled individual was replaced.  *Whitfield*, 639 F.3d at 258-59.

To establish a prima facie case of discrimination under the ADEA, the plaintiff must show that:  (1) she was at least forty years old at the time of the alleged discrimination; (2) she was subjected to an adverse employment action; (3) she was otherwise qualified for the position; and (4) after she was rejected, a substantially younger applicant was selected.  *Burzynski v. Cohen*, 264 F.3d 611, 622 (6th Cir. 2001).

The district court properly granted summary judgment in favor of the Board on Howard's ADA and ADEA claims.  Both of these claims are grounded in the notion that Howard's transfer from the alternative school to the newly-opened elementary school was improper.  However, Howard has not shown that her transfer constituted an adverse employment decision as required to support a prima facie case of discrimination under both the ADA and the ADEA.

Transfers "without salary or work hour changes" do "not ordinarily constitute adverse employment decisions in employment discrimination cases."  *Kosis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 885 (6th Cir. 1996).  The record shows that following her transfer, Howard maintained the "same position within the same job classification at a new school closer to her home."  While Howard contends that, after her transfer, she was required to perform new responsibilities, such as janitorial and other physical duties, a "materially adverse" change in employment conditions "must be more disruptive than a mere inconvenience or an alteration of job responsibilities."  Although it is unfortunate that Howard injured her back while shelving books, the record shows that, after her injury, her doctor released her to work with restrictions and that the Board was willing to meet those restrictions.  Howard refused to return to work for reasons unrelated to her disabilities, i.e. because she wanted to work at her previous school.  Because Howard's ADA and ADEA claims fail for this reason alone, it is unnecessary to address the district court's alternative bases for dismissing these claims.

A review of her complaint reveals that Howard did allege retaliation claims under the ADA and the ADEA.  While these claims were not separately addressed by the district court, they fail for the same reasons that her ADA and ADEA claims fail.  *See Penny v. United Parcel Serv.*, 128 F.3d 408, 417 (6th Cir. 1997); *Thompson v. N. Am. Stainless, LP*, 567 F.3d 804, 809 n.3 (6th Cir. 2009).

No.  12-5503

- 4 -

Howard's inability to show an adverse employment action is fatal to her retaliation claims under both the ADA and the ADEA.  *See Penny*, 128 F.3d at 417; *Thompson*, 567 F.3d at 809 n.3.

Finally, Howard seeks to compel the Board to produce various documents on appeal. Because our review is limited to the record before the district court, additional discovery could not alter our resolution of this appeal.  *See* Fed. R. App. P. 10(a).  Therefore, the motion is denied.

Accordingly, we affirm the district court's judgment.  Fed. R. App. P. 34(a)(2)(C).

ENTERED BY ORDER OF THE COURT

Clerk